Michelle R. Ghidotti-Gonsalves, Esq. (SBN: 232837)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave., Ste. 206
Anaheim Hills, CA  92807
Tel: (949) 354-2601
Fax:  (949) 200-4381
Email: mghidotti@ghidottilaw.com

Attorneys for Concorde Properties, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Ernesto M. Deboda, Jr.,<br><br>Debtor. | Case No. 2:12-bk-34211-WB<br><br>CHAPTER 13<br><br>STIPULATION FOR ADEQUATE PROTECTION RE: SECTION 362 STAY<br><br>Date: 12/16/2014<br>Time: 10:00 AM<br>Ctrm:1375<br><br>255 E. Temple Street, Los Angeles, CA 90012 |

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Michelle R. Ghidotti-Gonsalves (SBN: 232837)<br>Liana Mikhlenko (SBN: 286480)<br>The Law Offices of Michelle Ghidotti<br>5120 E. La Palma Ave., Ste. 206<br>Anaheim Hills, CA 92807<br>Phone: (949) 354-2601<br>Facsimile: (949) 200-4381<br>Email: mghidotti@ghidottilaw.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>LOS ANGELES</u> DIVISION**

| | |
|---|---|
| In re:<br><br>ERNESTO M. DEBODA, JR.,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:12-bk-34211-WB<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: 12/16/2014<br>TIME: 10:00 A.M.<br>COURTROOM: 1375<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |

**Movant:** Concorde Properties, LLC

1. The Motion was:   ☐ Opposed   ☐ Unopposed   ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:        1328 Armadale Avenue
   *Unit/suite numbe*r:
   *City, state, zip code*:  Los Angeles, CA 90042

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                     Page 1                                        **F 4001-1.RFS.RP.ORDER**

Legal description or document recording number (including county of recording):

050105760, Los Angeles County, California

☐ See attached page. The Motion is granted under:
- a. ☐ 11 U.S.C. § 362(d)(1)
- b. ☐ 11 U.S.C. § 362(d)(2)
- c. ☐ 11 U.S.C. § 362(d)(3)
- d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:
  - (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
  - (2) ☐ Multiple bankruptcy cases affecting the Property.
  - (3) ☐ The court  ☐ makes  ☐ does not make  ☐ cannot make a finding that the Debtor was involved in this scheme.
  - (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

3. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   - a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   - b. ☒ Modified or conditioned as set forth in Exhibit <u>Adequate Protection Attachment</u> to this order.
   - c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

4. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

5. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

6. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

7. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

8. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

9. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

10. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

11. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 2                    **F 4001-1.RFS.RP.ORDER**

    modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

12. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☒ Other (*specify*):

    See attached continuation page for additional provisions.

###

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014      Page 3      **F 4001-1.RFS.RP.ORDER**

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $ 778.56 commencing January 1, 2015. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

    FCI Lender Services, Inc.

3. ☒ The Debtor must cure the postpetition default computed through December 22, 2014 in the sum of $ 1,658.16 as follows:

    a. ☒ In equal monthly installments of $ 276.36 each commencing January 15, 2015 and continuing thereafter through and including June 15, 2015.
    b. ☐ By paying the sum of $ _____ on or before (*date*) _____,
    c. ☐ By paying the sum of $ _____ on or before (*date*) _____,
    d. ☐ By paying the sum of $ _____ on or before (*date*) _____,
    e. ☐ Other (*specify*):

4. ☒ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) _____
    The disclosure statement must be approved on or before (*date*) _____
    The plan must be confirmed on or before (*date*) _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

    a. ☒ The stay automatically terminates without further notice, hearing or order.
    b. ☐ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
    d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of 1 notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 4                              F 4001-1.RFS.RP.ORDER

serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*):
   Debtors are to continue to make their regular monthly payments to FCI Lender Services, Inc.
   Debtors are to make all payments due under this Adequate Protection Order to Concorde Properties, LLC.

Approved as to form and content:

_____
Clifford Bordeaux, Esq.
Attorney for Debtor, Ernesto M. DeBoda


/s/ Michelle Ghidotti- Gonsalves
_____
Michelle R. Ghidotti- Gonsalves, Esq.
Attorney for Movant, Concode Properties, LLC

###

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 5                                   **F 4001-1.RFS.RP.ORDER**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

LAW OFFICES OF MICHELLE GHIDOTTI, 5120 E. La Palma Ave., Ste. 206, Anaheim Hills, CA  92807

A true and correct copy of the foregoing document entitled (*specify*):
- **STIPULATION FOR ADEQUATE PROTECTION RE: SECTION 362 STAY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 1/28/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy K. Curry (TR) (Trustee): ecfnc@trustee13.com
Clifford Bordeaux, Esq. (Debtor's Counsel): bordeaux.ecf@gmail.com
United States Trustee (LA) (U.S. Trustee): ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 1/28/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Ernesto M. DeBoda, Jr. (Debtor): 1328 Armadale Ave., Los Angeles, CA 90042
Chambers of the Honorable Judge Julia W. Brand: 255 E. Temple Street, Suite 1382, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_ _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 28, 2015 | Pamela Gayosso | /s/ Pamela Gayosso |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**